UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 07-52-GWU

JEFFREY SMITH, PLAINTIFF,

VS. **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

Jeffrey Smith brought this action to obtain judicial review of an unfavorable administrative decision on his applications for Disability Insurance Benefits and for Supplemental Security Income. The case is before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to

1

        Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

4.     Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5.     Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.     Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7.     Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

      Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial

evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain.  Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms.  20 C.F.R. Section 404.1529 (1991).  However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition.  If there is, we then examine:  (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment.  The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability.  Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984).  However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations.  Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups.  Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987).  Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way

to afford or obtain treatment to remedy his condition, <u>McKnight v. Sullivan</u>, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. <u>Studaway v. Secretary</u>, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to make out a <u>prima facie</u> case by proving that he or she is unable to return to work. <u>Cf. Lashley v. Secretary of Health and Human Services</u>, 708 F.2d 1048, 1053 (6th Cir. 1983).  However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all.  Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. <u>Id</u>. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had.  E.g., <u>Faucher v. Secretary of Health and Human Services</u>, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In

such cases, the agency may be required to consult a vocational specialist. <u>Damron v. Secretary</u>, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. <u>Varley v. Secretary of Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Smith, a 38 year-old former construction worker, delivery driver, and die cast machine operator, suffered from impairments related to degenerative disc disease, lumbar post-laminectomy syndrome at L4-L5, lumbar strain/sprain syndrome, an adjustment disorder with anxious mood, a major depressive disorder, a history of gastroesophageal reflux disease, lumbago, hypertension, marijuana abuse (in full remission), and complaints of sleep disturbance. (Tr. 12-13). While the plaintiff was found to be unable to return to his past relevant work, the ALJ determined that he retained the residual functional capacity to perform a restricted range of light level work. (Tr. 21). Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled. (Tr. 21-22). The ALJ based this decision, in large part, upon the testimony of a vocational expert. (Tr. 20).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.

The hypothetical question initially presented to Vocational Expert Anne Thomas included an exertional limitation to light level work along with such non-exertional restrictions as an inability to more than occasionally climb, stoop, kneel, crouch, or crawl and the need for a sit/stand option at intervals of 45 minutes. (Tr. 302). In response, Thomas identified a significant number of jobs in the national economy which could still be performed. (Tr. 302-303). The ALJ then added such mental limitations as a "limited but satisfactory" ability to relate to co-workers, deal with the public, interact with supervisors, and understand, remember, and carry out detailed instructions, as well as a "seriously limited but not precluded" ability to deal with work stresses. (Tr. 303). The witness testified that the previously cited positions could still be performed. (Id.). Therefore, assuming that the vocational factors considered by Thomas fairly characterized Smith's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

With regard to the framing of the physical factors of the hypothetical question, the undersigned finds no error. Dr. Robert Hoskins, an examining consultant, opined that Smith would have difficulty with heavy lifting, heavy labor, frequent stooping, bending, squatting and crawling. (Tr. 173). The physical factors

07-52 Smith

of the hypothetical question were essentially consistent with this opinion. The question included most of the restrictions identified by Dr. Jorge Baez-Garcia, a non-examining medical reviewer.[1] (Tr. 234-242). Such treating and examining sources as the staff at St. Joseph Hospital (Tr. 129-133), the staff at St. Vincent Hospital (Tr. 138-146), the staff at Woodlawn Medical Professionals (Tr. 149-163), and the staff at the Spine and Brain Neurosurgical Center (Tr. 179-198) did not report the existence of more severe physical restrictions than those found by the ALJ. These reports provide substantial evidence to support the administrative decision.

Dr. Anita Cornett completed a Physical Capacities Evaluation Form upon which the physician restricted Smith to performing less than a full range of sedentary level work. (Tr. 267). The plaintiff asserts that the ALJ erred in rejecting this opinion. However, the ALJ noted a number of reasons why this opinion should not be binding in this case including: (1) the fact that Dr. Cornett had seen the claimant on only one occasion and, so, was not a treating physician; (2) that the doctor's limitations were inconsistent with other evidence of record, such as that provided by Dr. Hoskins; and (3) the lack of rehabilitation therapies prescribed for

---

[1] Dr. Baez-Garcia did include a limitation to occasional balancing which was not presented in the hypothetical question. (Tr. 236). The plaintiff has not argued that the omission was erroneous and the opinion is offset by that of Dr. Hoskins who did not make such a finding.

9

his back condition.  (Tr. 18).  Dr. Cornett cited no reasons on her evaluation to support the very severe physical restrictions she identified.  (Tr. 267).  Therefore, the ALJ properly rejected this opinion.

The ALJ also dealt properly with the evidence of record relating to Smith's mental condition.  Dr. Kevin Eggerman, an examining consultant, opined that the plaintiff would be "mildly" limited in such areas as the ability to understand, remember, and carry out detailed instructions, to interact appropriately with supervisors, co-workers, and the public, and to respond appropriately to routine work changes. (Tr. 169).  The claimant would be "mildly to moderately" limited in responding to work pressures.  (Id.).  The mental factors of the hypothetical question were essentially consistent with this opinion. Psychologists Anne Demaree (Tr. 204) and Lea Perritt (Tr. 219), the non-examining medical reviewers, each opined that Smith's mental problems were not "severe."  The plaintiff's treating source at the Cumberland River Comprehensive Care Center did not identify more serious mental restrictions than those found by the ALJ.  (Tr. 262-266).  The claimant's Global Assessment of Functioning (GAF) was rated at 55.  (Tr. 265). Such a GAF suggests the existence of only "moderate" psychological symptoms compatible with the ALJ's findings according to the American Psychiatric Association's <u>Diagnostic and Statistical Manual of Mental Disorders</u> (4th Ed.--Text

Revision), p. 34.  Therefore, substantial evidence supports this portion of the administrative decision.

Smith argues that the ALJ erred by failing to consider the combined effect of all of his impairments.  However, the hypothetical question was found to have fairly depicted the plaintiff's mental and physical condition.  Thus, the ALJ implicitly considered all of the claimant's impairments in combination.

Smith argues that the ALJ did not properly evaluate his subjective pain complaints.  Pain complaints are to be evaluated under the standards announced in Duncan v. Secretary of Human Services, 801 F.2d 847, 853 (6th Cir. 1986): there must be evidence of an underlying medical condition and (1) there must be objective medical evidence to confirm the severity of the alleged pain arising from the condition or (2) the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain.

In the present action, Smith was found to be suffering from a potentially painful condition.  However, even if he could be found to have satisfied the first prong of the so-called Duncan test, the claimant does not meet either of the alternative second prongs.  Dr. Greg Wheeler of the Spine and Brain Neurosurgical Center reported in June of 2005 that an MRI Scan of the claimant's lumbar spine revealed only post-operative changes.  (Tr. 180).  The staff at Frontier Nursing Healthcare prescribed only over the counter medication for the plaintiff's back pain.

07-52 Smith

(Tr. 255). Dr. Hoskins recorded normal neurological findings during his physical examination. (Tr. 172). Therefore, the medical evidence does not appear sufficient to confirm the severity of the alleged pain and objective medical evidence would not appear to be consistent with the plaintiff's claims of disabling pain. Thus, the ALJ would appear to have properly evaluated Smith's pain complaints.

The undersigned concludes that the administrative decision should be affirmed. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 30th day of November, 2007.

Signed By:

G. Wix Unthank 

United States Senior Judge